UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JOHN L. ORCHANIAN,

                 Plaintiff,            **MEMORANDUM AND ORDER**

                                     14-CV-05161 (FB)

       -against-

CAROLYN W. COLVIN
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                 Defendant.

-------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                    *For the Defendant:*
WENDY BRILL                     KELLY T. CURRIE
150 E. 69th Street                Acting United States Attorney
New York, New York 10021      Eastern District of New York
                                 271 Cadman Plaza East
                                 Brooklyn, New York 11201

                                 By:   CANDACE SCOTT
                                      APPLETON
                                      Assistant U.S. Attorney

**BLOCK, Senior District Judge:**

     John L. Orchanian ("Orchanian"), who formerly worked as a high school chemistry teacher, seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act (the "Act"). Both parties move for judgment on the pleadings.

For the reasons stated below, the Commissioner's motion is denied and Orchanian's motion is granted insofar as the case is remanded for further proceedings.

## I.

In May 2011, Orchanian filed an application for Disability Insurance Benefits. He alleged disability, as of June 30, 2004, from bronchiectasis and chronic obstructive pulmonary disease, amongst other things. After the Social Security Administration (the "SSA") denied his application initially and upon reconsideration, he had a hearing before an Administrative Law Judge ("ALJ").

In a February 8, 2013 decision, the ALJ held that Orchanian was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ determined that: (1) Orchanian had not engaged in substantial gainful activity from June 30, 2004, through the date he was last insured for disability benefits under the Act, March 31, 2011; (2) Orchanian's asthma, bronchiectasis, and allergy to fumigatus were severe impairments; and (3) Orchanian's impairments did not meet or medically equal the

---

[1] SSA regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then determined that Orchanian had the residual functional capacity ("RFC") to perform light work with certain restrictions. Applying this RFC to the remaining steps, the ALJ determined that (4) Orchanian was able to perform his past relevant work as a teacher, and alternatively ruled that (5) Orchanian can also perform other work pursuant to the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.

The Appeals Council denied Orchanian's request for review, rendering final the Commissioner's decision to deny benefits. Orchanian timely sought judicial review.[2]

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004);

---

[2] Orchanian's complaint alleges that he lives in Flushing, New York. There is reason to believe, however, that Orchanian is a resident of Oradell, New Jersey. If Orchanian resides in New Jersey, the proper venue for this action would be the District of New Jersey. *See* 42 U.S.C. § 405(g) ("Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ."). Notwithstanding, the Court need not consider whether venue is appropriate because the Commissioner waived the issue by failing to raise it before this Court. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 328 & n.9 (1976) (recognizing that § 405(g)'s venue requirement is "waivable by the parties"); *Tri-State Emp't Servs., Inc. V. Mountbatten Sur. Co., Inc.*, 295 F.3d 256, 260 n.2 (2d Cir. 2002) ("[B]ecause defendant failed to raise any venue challenge . . . defendant is deemed to have waived any objection to venue.").

*see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). Orchanian asserts that the ALJ's RFC determination is flawed because it (1) is not supported by substantial evidence and failed to accord appropriate weight to the opinion of his treating physicians and his own testimony. He also argues that (2) the ALJ erroneously determined that he could have returned to his past relevant work as a teacher.

## A. RFC Determination

The Court holds that although the record *might* support the ALJ's RFC determination, further explanation by the ALJ is required to allow this Court to conduct meaningful judicial review.

The Commissioner has the burden to demonstrate that its RFC determination is supported by substantial evidence. *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998). The ALJ determined that Orchanian had the RFC to perform light work with the restrictions that he is "unable to climb ladders, ropes, and scaffolds, can occasionally climb ramps or stairs; must avoid concentrated exposure to extreme temperatures, and mold." AR 23. SSA Regulations explain that "light work" normally "requires a good deal of walking or standing," or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567.

Orchanian testified that he stopped working in 2004 because he experienced increased instances of shortness of breath, asthmatic bronchitis and pneumonia. He also testified that he can experience such symptoms after twenty minutes of standing, one hour of sitting, walking two blocks, or from cold, hot, or windy weather.

The ALJ proceeded to analyze Orchanian's medical history, the opinion of one of his treating physicians, and the credibility of his testimony regarding the severity of his symptoms.

### 1. Orchanian's Medical History

In support of the RFC determination, the ALJ relies on various medical tests performed on Orchanian throughout the period in question. However, many of the tests do not clearly relate to the lung conditions Orchanian complains of. For example, the ALJ relies on the results of various myoview exercise tolerance tests as evidence that Orchanian had "excellent functional capacity." AR 25. But it is unclear how the myoview exercise tolerance tests inform the severity of Orchanian's asthma, bronchiectasis, and fumigatus allergy because these tests were "performed in order to assess the likelihood of coronary artery disease" and other heart-related conditions. AR 220, 223. Orchanian's alleged disabilities are of the lungs, not the heart. The Court recognizes the logical possibility that the myoview tests might provide objective medical evidence of Orchanian's pulmonary conditions, but the ALJ does not cite the opinion of a medical expert to draw such a connection, and the Court's review of the

record does not reveal one. *See Balsamo*, 142 F.3d at 81 ("In the absence of supporting expert medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings." (quoting *Filocomo v. Chater*, 944 F. Supp. 165, 170 (E.D.N.Y. 1996))). For the same reasons, the ALJ's reliance on carotid sonograms and echocardiography reports require further explanation.

Additionally, the ALJ's reliance on a letter from Dr. Jeff Silber discussing Orchanian's treatment for lower back pain is misplaced. The letter notes that Orchanian suffered lower back pain "after shoveling," and after treatment he could "go back to the gym." AR 237-38. Although not explicit, the ALJ appears to be relying on this letter for the fact that Orchanian shoveled, thus undermining the credibility of his statements regarding the severity of his breathing conditions. The record is insufficiently developed, however, to establish that Orchanian's one reported instance of shoveling supports that he is able to perform light work on a daily basis. *See Balsamo*, 142 F.3d at 81-82 ("[W]hen a disabled person gamely chooses to endure pain to pursue important goals . . . it would be a shame to hold his endurance against him in determining benefits unless his conduct truly showed that he is capable of working."). The record does not disclose the extent or frequency Orchanian engaged in shoveling, and the ALJ failed to ask Orchanian to elaborate during the hearing. Furthermore, the fact that Dr. Silber advised Orchanian that his back condition would not prevent him from going to the gym is not evidence of the severity of Orchanian's

pulmonary ailments; there is no evidence in the record that Dr. Silber was aware of Orchanian's lung conditions or that the doctor's statement took those conditions into account.

The ALJ does rely on some medical evidence which relates directly to Orchanian's lung impairments. Results from spirometry[3] examinations "indicate[d] mild obstructive lung disease," AR 361, 364, and a 2006 allergen test revealed Orchanian had a "high level allergy to fumigatus."[4] AR 25. But the ALJ does not explain how these diagnoses support the RFC determination rather than support Orchanian's testimony regarding the severity of his symptoms. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("[W]here we are unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ, we will not hesitate to remand for further findings or a clearer explanation for the decision." (internal quotation marks omitted)).

On remand, the ALJ should explain with specificity the relevance of the

---

[3] *See Spirometry*, MAYO CLINIC (July 11, 2014), www.mayoclinic.org/tests-procedures/spirometry/basics/definition/prc-20012673 ("Spirometry is a common office test used to assess how well your lungs work by measuring how much air you inhale, how much you exhale and how quickly you exhale. Spirometry is used to diagnose asthma, chronic obstructive pulmonary disease (COPD) and other conditions that affect breathing.").

[4] The Commissioner explains in its motion that "[a]spergillus fumigatus is one of the most ubiquitous of the airbone saprophytic fungi. Humans and animals constantly inhale numerous conidia of this fungus." DE 14 at 8 n.5.

medical evidence he relies upon when reevaluating the RFC determination.

## 2. Opinions of Treating Physicians

According to questionnaire responses by Dr. Joanne Lee, Orchanian's primary care physician, Orchanian could sit, stand, and walk each for a maximum of two hours in an eight-hour workday. Orchanian also points the Court to a March 30, 2011, letter by Dr. Kenneth K. Sha, Orchanian's treating pulmonary physician, in which Dr. Sha states that Orchanian "has been quite ill since [2008] and has not been able to work." AR 355. Orchanian argues that these two opinions should be controlling under the treating physician rule, and therefore, the ALJ could not have determined, as he did, that Orchanian could perform light work.

First, the Court disagrees with Orchanian's characterization of Dr. Sha's letter as a medical opinion that Orchanian had in fact been unable to work. Any ambiguity as to the meaning of Dr. Sha's letter is settled by a questionnaire Dr. Sha completed less than two months after writing the letter in which he checked a box correlating to the following response: "I cannot provide a medical opinion regarding [Orchanian's] ability to do work-related activities." AR 462. Accordingly, Dr. Sha did not provide an opinion as to Orchanian's RFC.[5]

---

[5] The Court notes that the fact that Dr. Sha declined to provide an opinion as to Orchanian's functional limitations and that Dr. Sha's treatment notes do not report any such limitations are not reasons themselves to discredit Dr. Lee's opinion with regards to Orchanian's RFC. *See Rosa v. Callahan*, 168 F.3d 72, 81 (2d Cir. 1999) ("This Court has refused to uphold an ALJ's decision to reject a treating physician's diagnosis merely on the basis that other examining doctors

Dr. Lee, on the other hand, did provide a specific RFC opinion to which the ALJ assigned little weight. While Dr. Lee's opinion regarding Orchanian's RFC—as opposed to the nature and severity of a claimant's impairment—is not normally entitled to controlling weight, 20 C.F.R. § 416.927(d)(2) ("Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . , the final responsibility for deciding th[is] issue[] is reserved to the Commissioner."), in the absence of a contrary medical opinion, the ALJ was not free to substitute his opinion for that of Dr. Lee. *Balsamo*, 142 F.3d at 81 ("In the absence of a medical opinion to support the ALJ's finding as to Balsamo's ability to perform sedentary work, it is well-settled that the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." (internal quotation marks omitted)). The Commissioner directs the Court to the medical opinion of Dr. David Tiersten, a state agency medical consultant, who determined that Orchanian could stand or walk for six hours and sit for six hours in an eight-hour workday, contrary to Dr. Lee's opinion. But the ALJ did not rely on, or even mention, Dr. Tiersten's opinion as a basis for the RFC determination or as a reason to give little weight to Dr. Lee's opinion.

The ALJ stated that he "assigned little weight to Dr. Lee's opinion because it is inconsistent with the mild treatment notes and significant stress test." AR 27. As is discussed above, the ALJ has not explained the relevance of the cardiac stress tests

reported no similar findings.").

relative to Orchanian's pulmonary conditions, which the ALJ determined were severe impairments. Moreover, the Court requires further explanation from the ALJ regarding his interpretation of Dr. Lee's treatment notes. The treatment notes in the record are very difficult to read, frustrating the Court's attempt to review the ALJ's basis for discrediting Dr. Lee's RFC opinion.

On remand, to the extent the ALJ determines that Dr. Lee's opinion should again be afforded little weight, the ALJ should explain his interpretation of Dr. Lee's notes with further elaboration on why the treatment notes are inconsistent with her RFC opinion. Additionally, if the ALJ relies on Dr. Tiersten's RFC opinion, he should provide reasoning for crediting Dr. Tiersten's opinion over that of Orchanian's treating physician. *See Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004) ("[U]nder the regulations, the Commissioner is required to provide good reasons for the weight she gives to the treating source's opinion." (citation and internal quotation marks omitted)).

### 3. Credibility of Orchanian's Testimony

Orchanian next argues that the ALJ improperly evaluated his credibility. To evaluate credibility, an ALJ must first determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce her symptoms, and second, evaluate the intensity, persistence and limiting effects of those symptoms. *See* 20 C.F.R. § 404.1529(b)-(c). The ALJ must provide "specific reasons for the

finding on credibility, supported by evidence in the case record." SSR 96–7p.

The ALJ found that although Orchanian's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," his statements regarding "the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." AR 24. An ALJ must consider seven factors when a claimant's subjective complaints suggest greater severity than can be shown by objective medical evidence.[6]

The ALJ did not expressly consider these seven factors; instead, he determined that Orchanian's testimony was not credible because it was inconsistent "with the stress tests and mild clinical and diagnostic signs described in the objective medical evidence." AR 26. But as discussed above, the ALJ did not explain the relevance of the stress tests performed on Orchanian's heart with respect to the severity of his lung conditions. Further explanation is also required as to why the results from Orchanian's spirometry examinations and allergen tests do not support Orchanian's statements regarding the severity of his symptoms. The ALJ should take note that

---

[6] The seven factors set forth in the SSA regulations include: (I) claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating or aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (v) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (vi) any measures the claimant uses or has used to relieve pain or other symptoms; and (vii) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

even if the record indicates that Orchanian received "mild" treatment, it does not necessarily follow that his symptoms were "mild." *Cf. Shaw v. Chater*, 221 F.3d 126, 133 (2d Cir. 2000) ("Just because plaintiff's disability went untreated does not mean he was not disabled.").

Finally, the determination that Orchanian's testimony is incredible because it is inconsistent with the objective medical evidence contradicts the SSA regulations' recognition that "symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone." 20 C.F.R. § 404.1529(c)(3). On remand, the ALJ should explicitly analyze Orchanian's credibility under the factors enumerated in the regulations. *Box v. Colvin*, 3 F. Supp. 3d 27, 48 (E.D.N.Y 2014) ("[S]ince the ALJ did not explicitly refer to or discuss any of the factors listed in 20 C.F.R. § 404.1529(c)(3) , his credibility analysis was insufficient." (alterations and internal quotation marks omitted)).

## B. Whether Orchanian Can Perform Past Relevant Work as a Teacher

Whether Orchanian could perform his past relevant work as a teacher will be informed by the ALJ's new RFC determination on remand.

## III.

For the foregoing reasons, the Commissioner's motion is denied and Orchanian's motion is granted to the extent that the case is remanded for further

proceedings.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 4, 2015